UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATASHA WILLIAMS,

       Plaintiff                CASE NO.

v.

CAMBRIDGE MANAGEMENT, INC.,
a Foreign Profit Corporation,

       Defendant.
_____/

# COMPLAINT

Plaintiff, NATASHA WILLIAMS (hereinafter "Williams" or "Plaintiff"), files this Complaint against CAMBRIDGE MANAGEMENT, INC. (hereinafter "Cambridge" or "Defendant"), pursuant to the Americans with Disabilities Act, as amended, ("ADAAA") and in support of states as follows:

## INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, as amended, ("ADAAA") as well as interference and retaliation pursuant to the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA"), 29 U.S.C. §216-217 *et seq*. and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

2. Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19").

3. Among the FFCRA's protections is the EPSLA.

4. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against ant employee because employee took paid sick leave under the EPSLA.

6. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

## **JURISDICTION**

7. The acts and omissions giving rise to this action occurred in Orange County, Florida.

8. Plaintiff was employed by Defendant in Orlando, Florida.

9. Defendant is a property management company with locations

throughout Florida.

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

11. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150.

## VENUE

13. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

14. Plaintiff was an employee of Defendant from approximately October 2020 until July 2020.

15. Plaintiff was employed by Defendant in Orlando, Florida.

16. Defendant is a Foreign for-Profit Corporation which provides management for one or more housing communities in the Central Florida area, including the location where Plaintiff was employed.

17. Plaintiff was an "employee" as defined by the ADAAA.

18. Defendant is an "employer" as defined by the ADAAA.

19. As of the date of her termination, Plaintiff had been employed by Defendants for at least thirty (30) days.

20. As of the date of her termination, Defendant has a combined total of fifty (50) or more employees.

## STATUTORY PREREQUISITES

21. Plaintiff was discriminated against based on her perceived disability.

22. Plaintiff is a member of a class of individuals protected by the ADAAA.

23. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

24. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

25. Plaintiff is a member of a class of individuals protected by the FCRA.

26. Plaintiff was qualified for her position of employment as a traveling

Manager.

27. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around March 2, 2021.

28. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## FACTUAL ALLEGATIONS

29. Plaintiff was hired by Defendant in March 2020 as a Traveling Manager.

30. On or about July 2020, Plaintiff became ill and started to exhibit symptoms consistent with Covid-19 per the Center for Disease Control's (CDC) guidelines.

31. On July 22, 2020, Plaintiff tested positive for COVID-19.

32. Plaintiff immediately informed the Defendant's Human Resources Department through email.

33. On July 23, 2020, just one day later, Plaintiff was terminated.

34. At the time of her termination Plaintiff was qualified for her

position.

35. At the time of her termination Plaintiff was able to perform the essential functions of her job.

36. Plaintiff was treated differently than similarly situated non-disabled employees.

37. Defendant discriminated against Plaintiff for taking necessary time off due to her disability.

38. Defendant terminated Plaintiff in retaliation for taking necessary time off due to her disability.

39. Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

40. Defendant retaliated against Plaintiff in violation of his rights under FFCRA and EPSLA.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

41. Plaintiff re-alleges and adopts the allegations of paragraphs 1; 7-11; 13; 14-18; 21-24; and 27-38 above as if fully set forth herein.

42. On or about July 2020, Plaintiff became ill and started to exhibit symptoms consistent with Covid-19 per the Center for Disease Control's (CDC) guidelines.

43. On July 22, 2020, Plaintiff tested positive for COVID-19, a

disabling condition pursuant to the ADA.

44. Plaintiff was discriminated against by the Defendant due to her disability and/or "perceived disability" in violation of Federal law.

45. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

46. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

47. Plaintiff is protected by the ADAAA:

    a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

48. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

49. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

50. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even

though Plaintiff could perform same with a reasonable accommodation.

51. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

52. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

53. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

54. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, she is a member of protected classes as envisioned by the ADA.

55. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for an accommodation regarding same.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

57. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

58. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost

wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

 f. Prejudgment interest;

 g. Costs and attorney's fees; and

 h. Such other relief as the Court may deem just and proper

## COUNT II
## RETALIATION UNDER THE ADAAA

61. Plaintiff re-alleges and adopts the allegations of paragraphs 11; 7-11; 13; 14-18; 21-24; and 27-38 above as if fully set forth herein.

62. Plaintiff was retaliated against by the Defendant due to her disability and/or "perceived disability" in violation of Federal law.

63. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

64. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

65. Defendant terminated Plaintiff because she took necessary time off while sick due to her disability and/or "perceived disability."

66. Defendant terminated Plaintiff in violation of the ADAAA.

67. Plaintiff is protected by the ADAAA:

    a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

68. Defendant was at all material times an "employer" as

envisioned and defined by the ADAAA.

69. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

70. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

71. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

72. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

73. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

74. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

75. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

76. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, she is members

of protected classes as envisioned by the ADA.

77. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

78. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

79. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF THE FFCRA/EPSLA

82.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-16; 25-26; 29-35; and 39-40 above as if fully set forth herein.

83.    The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

84.    These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

85.    Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

86.    The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

87. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she was advised by a health care provider to self-isolate (and was required to do so by governmental order) due to her COVID-19 diagnosis.

88. This is a direct violation of EPSLA's requirements.

89. An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

90. Defendant's violation of the EPSLA's requirements was willful.

91. As a direct and proximate result of Defendant's violation of the EPSLA, Plaintiff has been damaged.

**WEREFORE,** Plaintiff respectfully requests that the Court:

a. Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

b. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

c. Award punitive damages; and

d. Award any other relief this Honorable Court deems just and

proper.

## COUNT IV
## RETALIATION UNDER THE FFCRA

92. Plaintiff re-alleges and adopts the allegations of paragraphs 1-16; 25-26; 29-35; and 39-40 above as if fully set forth herein.

93. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

94. Plaintiff took qualifying sick leave due to COVID-19.

95. Plaintiff's sick leave due to COVID-19 was protected activity.

96. Despite the EPSLA's requirements, Defendant unlawfully terminated Plaintiff after she took leave as a result of her COVID-19 diagnosis.

97. An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

98. Defendant violated Plaintiff's right under the EPSLA and FLSA.

99. Plaintiff's termination was an adverse employment action.

100. A causal connection exists between Plaintiff's protected activity

and adverse employment action.

101. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

b. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

c. Award punitive damages; and

d. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

DATED this 31st day of January, 2022.

>   *s/Bruce A. Mount*
>   Anthony Hall, Esq.
>   FL Bar No.: 40924
>   Bruce A. Mount, Esq.
>   FL Bar No.: 88754
>   THE LEACH FIRM, P.A.
>   631 S. Orlando Avenue, Suite 300
>   Winter Park, Florida 32789
>   Telephone: (407) 574-4999
>   Facsimile: (833) 523-5864
>   Email: ahall@theleachfirm.com

Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***